## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | |
|---|---|
| JOHN F. BELTON, ) | |
| Register No. 529740, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-4198-CV-C-NKL |
| ) | |
| DENIS AGNIEL, Chairman, Missouri Board ) | |
| of Probation and Parole, et al., ) | |
| ) | |
| Defendants. ) | |

### REPORT, RECOMMENDATION AND ORDER

Plaintiff, formerly confined at Algoa Correctional Center, a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff seeks monetary and injunctive relief, pursuant to 42 U.S.C. § 1983. Named defendants are Missouri Attorney General Jeremiah W. Nixon; Missouri Department of Corrections and its employees Director Larry Crawford, Assistant Division Director of the Division of Adult Institutions Steve Long, Superintendent Michael Murphy, Assistant Superintendent of Operations Lynda Bryant, Assistant Superintendent of Inmate Management Kelly Morriss, Assistant Superintendent of Classification and Treatment Gary Allan, Legal Section at Central Office, and Records Officer Lily T. Adams; Missouri Probation and Parole Board and its members District Administrator Roger A. Hagner, Chairman Dennis Agniel, Ansel Card, Darrel Ashlock, Wayne Crump, Barne Plock, Fannie Gaw, Donna White, and Richard Lee; and Missouri Probation and Parole employees Penny Coleman and Helen Trippensee.

Plaintiff alleges he was denied his scheduled conditional release date without due process of law in that upon his parole on June 21, 2005, he was placed on the house-arrest

program.  Plaintiff seeks to have the court enjoin defendants from continuing him on the house-arrest program.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs.  28 U.S.C. § 1915(a).  Having reviewed plaintiff's inmate account information, the court will grant him provisional leave to proceed in forma pauperis.  However, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).  Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a).  The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Although plaintiff has been granted provisional leave to proceed in forma pauperis, the court recommends dismissal of his claims, pursuant to the provisions of 28 U.S.C. § 1915, for failure to state a claim.

To establish a Fourteenth Amendment due process violation, a plaintiff must first demonstrate he was deprived of life, liberty or property by governmental action.  *Phillips v. Norris*, 320 F.3d 844, 846 (2003) (citing *Singleton v. Cecil*, 155 F.3d 983, 987 (8th Cir. 1998); *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997)).  Plaintiff's claims clearly do not allege a deprivation of life or property; therefore, plaintiff must have a liberty interest to sustain a due process claim.  "Missouri's conditional release/parole statute, Mo. Rev. Stat. § 558.011, does not create a liberty interest."  *Dace v. Mickelson*, 816 F.2d 1277, 1280-81 (8th Cir. 1987).  *See also Johnson v. Missouri Bd. of Prob. & Parole*, 92 S.W.3d 107, 113-14 (Mo. App. 2002) (Missouri statute does not create liberty interest in conditional release).  "If a statute only mandates that state officials follow certain procedure or take into account certain factors, but specifically provides that the prisoner's release is nevertheless discretionary with the board, as evidenced by the use of discretionary language, then no protected liberty interest has been created."  *Dace*, 816 F.2d 1280-81.  Section 558.011 contains discretionary language allowing the parole board to extend a prisoner's conditional release up to a

2

maximum of the entire sentence of imprisonment; therefore, a Missouri prisoner has no liberty interest in being conditionally released. *Id.*; *Johnson*, 92 S.W.3d at 113-14.

Therefore, in the instant case, plaintiff has no liberty interest in his conditional release/parole; therefore, due process protections do not apply. Moreover, because plaintiff has no liberty interest in conditional release/parole, it logically follows that he also has no liberty interest in any condition or conditions that may be imposed as to such conditional release/parole.

Plaintiff's complaint should be dismissed because he has failed to state a claim, pursuant to 42 U.S.C. § 1983. Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

IT IS, THEREFORE, ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. It is further

RECOMMENDED that plaintiff's claims be dismissed for failure to state a claim on which relief can be granted under 42 U.S.C. § 1983.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

As previously stated, the court has granted plaintiff leave to proceed in forma pauperis on a provisional basis. By doing so, the court has foregone collection of the $250.00 filing fee established for civil cases. Plaintiff is now warned that the court will attempt collection of the entire $250.00 filing fee if plaintiff files another pleading of any type whatsoever in this case. *See* 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). Under section 1915(b), installment payments are permitted after the assessment and payment of an initial partial filing fee.

3

Dated this 18th day of August, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

4